UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOVON HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>COOPER Lieutenant,<br>HAWK Warden,<br>TRENT ALLEN,<br><br>Defendants. | ) | No. 1:26-cv-01173-JPH-KMB |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jovon Hamilton is a prisoner currently incarcerated at Pendleton Correctional Facility. He originally filed a civil action under cause number 1:25-cv-01156-SEB-KMB. Upon screening the complaint, the Court determined that it contained a misjoined claim regarding alleged Legionella contamination at Pendleton. At Mr. Hamilton's request, the Court opened this separate action related to that claim. Dkt. 3. Mr. Hamilton has since filed a motion for leave to file an amended complaint, which is **GRANTED**. Dkt. [13]. The **clerk is directed** to docket dkt. [13-1] as the operative complaint in this action. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Amended Complaint**

Mr. Hamilton's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants (1) AHSA Strong; (2) Warden Trent Allen; (3) Deputy Warden Hawk; (4) Sgt. Gray; (5) Lt. Cooper; (6) Lt. Phleger; and (7) RN Nikki.

Mr. Hamilton alleges that the water supply at Pendleton, including in the GCH unit where he was housed for at least 9 months, is contaminated with both the Legionella and H. Pylori pathogens. Sgt. Gray, Lt. Cooper, and Lt. Phleger did not ensure that needed filters on the showerheads in GCH were put in place or changed regularly. Also, Mr. Hamilton did not receive bottled water to drink while in GCH and had to drink contaminated water. Mr. Hamilton has submitted

numerous grievances and healthcare requests related to the water supply and his suspicion that he was becoming ill from it. Warden Allen and/or Deputy Warden Hawk responded to the grievances but did not take the contamination problem seriously. AHSA Strong did not arrange for Mr. Hamilton to receive necessary testing and treatment for his illnesses. On one occasion, Mr. Hamilton was supposed to be tested for an H. Pylori infection but the test was cancelled, and RN Nikki only treated his illness with aspirin. On another occasion when Mr. Hamilton was losing a lot of weight from being ill, RN Nikki put him on a high-protein diet but did not provide any other treatment, even though another inmate had died.

## III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Hamilton has identified the theories he wishes to use—claims under the Eighth Amendment and the Safe Drinking Water Act ("SDWA").[1] Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Hamilton's claims only under the theories he has identified.

[1] Mr. Hamilton mentions the First and Fourteenth Amendments in passing, but there is no indication as to how either of these amendments would apply to Mr. Hamilton's claims, except for the Fourteenth Amendment incorporating the Eighth Amendment against state actors.

Applying the screening standard to the factual allegations in the complaint, Eighth Amendment conditions of confinement claims **shall proceed** against Warden Allen, Deputy Warden Hawk, Sgt. Gray, Lt. Cooper, and Lt. Phleger. Eighth Amendment medical deliberate indifference claims **shall proceed** against AHSA Strong and RN Nikki.

As for the SDWA, it was passed to establish uniform standards for public water systems and to reduce contamination in drinking water. 67 Am. Jur. Proof of Facts 3d 95 (Vinal, R. 2002) (citing 42 U.S.C. §§ 300f et seq.). The SDWA gives private persons authority to bring an enforcement action for injunctive relief, *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 105 (D. Mass 2019), but "there is no private right of action for damages arising from a violation of the SDWA." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 450 (6th Cir. 2017) (citation omitted); *see also Phan v. Aurora City Water Util. Admin.*, No. 21-CV-00960-GPG, 2021 WL 5629068, at *1 (D. Colo. Apr. 13, 2021). Based on this, Mr. Hamilton's SDWA claim **shall proceed** only against Warden Allen in his official capacity and only to the extent he seeks injunctive relief. Any claims for damages against any Defendant based on the SDWA **are dismissed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 26, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

Mr. Hamilton's motion for leave to file an amended complaint is **GRANTED**. Dkt. [13]. The clerk is directed to docket dkt. [13-1] as the operative complaint in this action.

The **clerk is directed** to add Sgt. Gray, Lt. Pheleger, AHSA Strong, and RN Nikki as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on August 7, 2026, dkt. [13-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants AHSA Strong and RN Nikki are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
Warden Trent Allen
Deputy Warden Hawk
Lt. Cooper
Lt. Phleger
Sgt. Gray
(All at Pendleton Correctional Facility)

Electronic service to Centurion
AHSA Strong
RN Nikki

JOVON HAMILTON
201846
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064